# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5627 | **DATE** | 9/27/2011 |
| **CASE TITLE** | Midwest Fence Corp. v. U.S. Dept. Of Trans., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated herein, Plaintiff's Motion for Discovery and Other Relief [117] is granted in part and denied in part, and Defendant's Joint Supplemental Motion for Discovery [120] is granted.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Defendants' Joint Supplemental Motion for Discovery Scheduling Order [120] and Plaintiff's Motion for Discovery and Other Relief [117]. For the reasons stated herein, Plaintiff's Motion for Discovery and Other Relief is granted in part and denied in part, and Defendant's Joint Supplemental Motion for Discovery is granted.

The instant lawsuit involves Plaintiff Midwest Fence Corp.'s challenge to state and federal highway Disadvantaged Business Enterprise programs. The parties have been unable to agree to a discovery schedule. In particular, Plaintiff seeks the identity of Defendants' experts on disparity studies and the strong basis in evidence for these programs within 60 days. Plaintiff argues that this information must already have been available to Defendants at the time the programs were instituted, so Defendants must be able to make their expert disclosures in short order. Plaintiff contends that until this information is disclosed, it cannot know what evidence it will have to rebut in order to prove that the plans are unconstitutional. Plaintiff relies on *Builders Ass'n of Greater Chi. v. Cook Cty.*, 123 F. Supp. 2d 1087, 1094 (N.D. Ill. 2000). In that case, the Court noted that because the Plaintiff had the burden of overcoming Defendants' *prima face* case that an affirmative action program was supported by a compelling government interest and narrowly tailored, it made sense for the Defendants to go forward first with their evidence so that the Plaintiff could rebut it. *Id.* at 1094.

Defendants' position, as the Court understands it, is that they will be seeking experts to testify about the specific facts of this case and that they cannot do so until fact discovery is complete. The Court agrees with Defendants that they should be allowed to designate experts in the specific context of this case, so it will not order early disclosure of experts. However, the Court notes that the Federal Defendants have already pointed to, in the briefing on their Motion to Dismiss, the evidence in the Congressional Record that they argue provides the basis in evidence to support their program. The Court assumes that Plaintiff will, in its interrogatories, request any evidence that was presented to Congress in support of the federal program or presented to the Illinois legislature in support of the enactment of the state programs. This should enable

**STATEMENT**

Plaintiff to determine how it must proceed in rebutting the basis in evidence for these programs.

Additionally, the parties disagree about how long discovery should take in this matter, with Defendants requesting one year for fact discovery and an additional four months after that for expert discovery, and Plaintiff's suggesting a much shorter timeline. The Court will set the close of fact discovery for 3/27/12. Plaintiffs should disclose any testimony from retained experts under Fed. R. Civ. P. 26(a)(2) by 4/27/12; Defendants by 6/27/12. Plaintiff should disclose any rebuttal experts by 8/27/12. A status hearing will be set for 1/27/12 to assess the progress of discovery and to provide for any changes to this schedule for good cause shown.

As a final matter, Defendants request that amendments to the pleadings be allowed only within 30 days of the date of this order. The Court declines at this time to set any deadline for amendments to the pleadings, but will consider any future request to amend the pleadings in accordance with the Federal Rules of Civil Procedure.