## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5627 | **DATE** | 6/26/2012 |
| **CASE TITLE** | Midwest Fence Corporation, *et al.* vs. U.S. Department of Transportation, *et al.* | | |

**DOCKET ENTRY TEXT**

The Tollway Defendants Motion to Compel Discovery is granted in part and denied in part. Plaintiff is ordered to produce the material requested in No. 6 but limited to 2004 forward; the material requested in No. 7 limited to "relate" and from 2004 forward; and the material in requested in No. 21 that specifically refers to the DBE program from 2004 forward. Plaintiff is excused from complying with request No. 16.

■[ For further details see text below.]

Docketing to mail notices.

---

### STATEMENT

     The Tollway Defendants have brought a Motion to Compel production of certain documents from the Plaintiff. The parties have been sparring over production for several months. Some time ago the Court entered an order compelling production of those documents to which there was no objection. The Plaintiff, however, objected to four categories of documents and the Defendants now seek a second order of production of these objected to categories. They are numbers 6, 7, 16, and 21. Plaintiff objects on vagueness and unduly burdensome grounds. The Court takes these in order, but, first, the Court will take up the starting date of the discovery requests. The Tollway seeks all requested documents from a period commencing with the year 2000. This seems excessive, particularly since the statute of limitations is only two years. The Court also notes that plaintiff has requested documents for a period starting with the year 2004. This seems appropriate so the starting period of any production will be the year 2004.

     No. 6. The Tollway seeks all documents that were used or consulted in preparing submissions made to the Tollway or any contractor for work to be performed for any Tollway project. This would include any work for which Plaintiff was successful as well as for the work for which it was not successful. This seems reasonable so Plaintiff is order to comply with No. 6.

     No. 7. This request seeks production of all documents "that refer to or relate to" any Tollway project which Plaintiff sought a contract or subcontract. Plaintiff contends that this would require production of virtually every document in its possession. The Court agrees with Plaintiff that use of the word "refer" is unreasonably vague but the word " relate" is not. Therefore, the Plaintiff is ordered to produce the documents that relate to contract or subcontract submissions.

     No. 16. Here the Tollway seeks "all diaries, pocket calenders, desk calenders, journals, computer entries or other means of recording materials or notes . . . which set forth therein any mention of the facts pertaining to the subject matter of this law suit . . . directly or indirectly." The over breath and vagueness of this request is breathtaking. The Plaintiff is correct in its objection so it need not respond to this request.

**STATEMENT**

No. 21. This seeks documentation or correspondence between Plaintiff and any other prime or subcontractor involved in the Tollway's DEB program. This request does not appear to be limited to specific documents or correspondence related to the DBE program but just any documentation or correspondence with any prime or sub contractor involved in the DBE program. This is way over broad. The Court will limit the documentation or correspondence with these entities that directly relates to the DBE program.

In sum, the Plaintiff is ordered to produce as follows:

1.     The material requested in No. 6 but limited to 2004 forward.
2.     The material requested in No. 7 limited to "relate" and from 2004 forward.
3.     The Plaintiff is excused from complying with request No. 16.
4.     The material in requested in No. 21 that specifically refers to the DBE program from 2004 forward.

It is so ordered.