# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **MIDWEST FENCE CORPORATION,** | |
| Plaintiff, | Case No. 10 C 5627 |
| v. | Judge Harry D. Leinenweber |
| **THE UNITED STATES DEPARTMENT OF TRANSPORTATION,** *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Defendants Illinois Department of Transportation ("IDOT") and Illinois State Toll Highway Authority ("Tollway") filed Motions to recover bills of cost. (ECF Nos. 506-09, 518.) For the reasons stated herein, the Court grants in part and denies in part both Motions.

## I. BACKGROUND

Plaintiff Midwest Fence is a specialty contractor that typically bids on guardrail and fencing construction projects as a subcontractor. Defendants administer state programs that offer advantages in highway construction contracting to Disadvantage Business Enterprises ("DBEs"). DBEs are small businesses owned and managed by individuals who are both socially and economically disadvantaged and who have historically faced discrimination in

the construction industry. Midwest Fence — which does not qualify as a DBE — sued Defendants on the theory that the DBE programs violate Midwest's Fourteenth Amendment right to equal protection under the law. The Court granted summary judgment for Defendants, finding that the DBE programs serve a compelling governmental interest in remedying a history of discrimination in highway construction contracting. *Midwest Fence Corp. v. United States Dep't of Transp.*, 84 F.Supp.3d 705, 740 (N.D. Ill. 2015), *aff'd*, 840 F.3d 932 (7th Cir. 2016). The Seventh Circuit affirmed.

After the Seventh Circuit issued its ruling, the IDOT and Tollway Defendants renewed their respective Motions to recover on bills of costs. (ECF Nos. 506-09, 518.) However, Midwest Fence then petitioned the Supreme Court for *certiorari,* and this Court stayed the bills of costs while that petition pended. The Supreme Court has since denied *certiorari,* so this Court turns at last to the Defendants' respective bills of costs.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that a prevailing party may obtain reimbursement for certain litigation costs at the conclusion of a lawsuit. The Rule establishes a "presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust*

*Co.*, 411 F.3d 854, 864 (7th Cir. 2005) (citing *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991)). In evaluating an application for costs, the Court must first determine whether the claimed expenses are recoverable and, second, whether the costs requested are reasonable. *Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000) (citation omitted). The Court has "wide latitude" in fixing a reasonable award. *Deimer v. Cincinnati Sub-Zero Prods., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995).

### III. **ANALYSIS**

As an initial matter, Midwest Fence raises several generic fairness objections that it contends cut against the Defendants' ability to recover costs in this case. The Court dispatches those objections now before considering the specifics of Defendants' sought-after costs. First, Midwest Fence says that when the Defendants argued against *certiorari* at the Supreme Court, they reversed course and argued a position contrary to the one they argued at trial. From this, Midwest Fence concludes that the Supreme Court's subsequent denial of *certiorari* signaled that Court's approval of Defendants' newly reversed position — which, according to Midwest Fence, mirrored its own position at trial — and so Midwest should no longer be declared the loser and thus susceptible to taxation for costs. No analysis of Defendants'

litigation positions (whether consistent or otherwise) is necessary here. The Supreme Court "has rigorously insisted that . . . a denial [of *certiorari*] carries with it no implication whatever regarding the Court's views on the merits of a case which it has declined to review. The Court has said this again and again; again and again the admonition has to be repeated." *Maryland v. Baltimore Radio Show,* 338 U.S. 912, 919 (1950). A denial of *certiorari* does not sprinkle holy water on any position argued below, and Midwest Fence is wrong to suggest otherwise.

Next, Midwest Fence argues Defendants' discovery costs should have been far less than they were because Defendants were always required to be in compliance with the Equal Protection Clause and so, Midwest concludes, Defendants were required to have evidence of that compliance on hand before this suit ever got started. Midwest cites no authority for this position and the Court would be surprised if it could. Certainly Defendants' obligation to respect the Constitution predated Midwest's Complaint; but why Midwest thinks that obligation also obviated the need for discovery once a suit arose is an enigma.

Most broadly, Midwest Fence complains that though it filed and lost its suit, Midwest has not been found guilty of any wrongdoing. But in our legal system, costs are presumptively awarded absent the losing party's showing that costs are not

appropriate. *Beamon,* 411 F.3d at 864. There is no threshold question of the losing party's malfeasance. Clearly, the Court must reject all of Midwest's generic objections to the taxation of costs. Yet Midwest also levies some more specific arguments against Defendants' sought-after costs; these the Court considers in turn.

**A. Tollway Defendants' Bill of Costs**

In total, the Tollway Defendants seek costs of $33,544.77. The Court grants in part and denies in part their bill of costs.

***1. Court Reporting and Transcripts***

The Tollway Defendants seek $15,065.85 in costs under this category as follows:

| Description | Pages | Cost |
|---|---|---|
| Copies of Deposition Transcripts | 4,681 pages (at $0.90/page) | $4,212.90 |
| Original Deposition Transcripts | 2,014 pages (at $3.65/page) | $7,351.10 |
| Half-Day Court Reporter Attendance Fees | 7 separate attendance fees not to exceed $110/each | $540.35 |
| Full-Day Court Reporter Attendance Fees | 11 separate attendance fees not to exceed $220/each | $1,850.35 |
| Exhibits to Transcripts | 2,172 pages (at $0.50/each) | $1,086.00 |
| **TOTAL** | | $15,040.70 |

First, the Court notes that the Tollway Defendants incorrectly calculate this category's total (based on the above figures) as $15,065.85. (*See,* Tollway Defs.' Mem. in Supp. of Revised Bill of Costs at 2-3, ECF No. 509.) The Court corrects that sum to $15,040.70 as reflected in the table above.

Copying costs are taxable but must be reasonable and "necessarily obtained for use in the case." *See,* 28 U.S.C. § 1920(4). Here, the Tollway Defendants represent that they referred to and cited these transcripts in their briefs. This goes beyond the requirement that, at the time taken, the deposition appeared to be reasonably necessary to the case. *Soler v. McHenry,* 771 F.Supp. 252, 255 (N.D. Ill. 1991) (citing *Illinois v. Sangamo Constr. Co.,* 657 F.2d 855, 867 (7th Cir. 1981), *aff'd sub nom. Soler v. Waite,* 989 F.2d 251 (7th Cir. 1993). The Tollway Defendants have also appropriately "identif[ied] the nature of each document copied, the number of copies of each document prepared, the copying cost per page, and the total copying cost." *Druckzentrum Harry Jung GmbH & Co. KG v. Motorola, Inc.,* No. 09-CV-7231, 2013 WL 147014, at *7 (N.D. Ill. Jan. 11, 2013) (citation and internal quotation marks omitted). The requested transcript costs per page also conform, as Local Rule 54.1(b) dictates they must, to the standards set forth by the Judicial Conference of the United States. Judicial Conference of

the United States, Federal Court Reporting Program, *available at* [http://www.uscourts.gov/services-forms/federal-court-reporting-program](http://www.uscourts.gov/services-forms/federal-court-reporting-program). Accordingly, these reporting and transcript costs shall be taxed against the Plaintiff.

### *2. Electronic Discovery to Plaintiff*

The Tollway Defendants seek $17,110.79 in costs for electronic production of documents. Midwest objects, echoing the Court's earlier observation that OCR expenses — which account for $3,251.10 of this category's total — are "typically not recoverable as prevailing-party costs under 28 U.S.C. § 1920(4), because they are incurred purely to make a document searchable (as opposed to readable)." (May 11, 2017 Order at 3, ECF No. 517 (citing *Intercontinental Great Brands LLC v. Kellogg N. Am. Co.*, No. 13 C 321, 2016 WL 316865, at *6 (N.D. Ill. Jan. 26, 2016).) This $3,251.10 will not be awarded. Midwest also echoes the Court's earlier-stated objection to Defendant's pursuit of $8,008.83 for "scanning – glass work/heavy litigation services." (*See*, Advanced Discovery Invoices at 3, Grp. Ex. 3 to Tollway Defs.' Bill of Costs, ECF No. 508-3.) Despite the Court's warning that this "impregnable cost[] description, without more, furnishes no basis for adjudicating reasonableness," the Tollway Defendants have provided no further elucidation of this term. (May 11, 2017 Order at 3.) That $8,008.83 will not be awarded.

The balance of the expenses in this category comprises Bates labeling, imaging, CD/DVD creation, and courier service. Costs for Bates labeling have been found to be taxable. *DSM Desotech, Inc. v. 3D Sys. Corp.,* No. 08 CV 1531, 2013 WL 3168730, at *2 (N.D. Ill. June 20, 2013) (collecting cases). Expenses for imaging and the creation of electronic versions of documents are taxable when the parties have agreed to produce documents electronically, but Defendants have not produced evidence of any such agreement here. *See, e.g., Specht v. Google Inc.,* No. 09 C 2572, 2011 WL 2565666, at *3 (N.D. Ill. June 27, 2011). Courier service costs are typically considered overhead and not allowable as costs. *Chi. Bd. Options Exch., Inc. v. Int'l Sec. Exch., LLC,* No. 07 CV 623, 2014 WL 125937, at *3 (N.D. Ill. Jan. 14, 2014) (collecting cases). In sum, of the sought-after $17,110.79 in electronic discovery costs, only the $1,320.16 for Bates labeling will be awarded. (*See,* Advanced Discovery Invoices (line items describing "Bates matching" or alternatively "Endorsing" followed by Bates numbers).)

### *3. Third-Party Discovery*

Finally, the Tollway Defendants seek to recover $1,390.28 in costs of obtaining records from third-party contractors necessary to conduct their depositions. Defendants explain they limited their requests to those contracts for which Plaintiff claimed

damages and that Defendants needed said records to defend against Plaintiff's damages claim. These copies were "necessarily obtained for use in the case," 28 U.S.C. § 1920(4), but the amounts charged are not reasonable. First, three of the pertinent invoices appear to charge for nothing at all. (Records Imaging Service Invoices at 6, 15-16, Grp. Ex. 4 to Tollway Defs.' Bill of Costs, ECF No. 508-4.) There is no basis for the Court to judge the reasonableness of the $75.50 total from these invoices, so that sum will not be awarded. Nor will the Court award the cumulative $25.51 in "miscellaneous disbursements" reflected in the remaining invoices. (*Id.* at 4.) Another invoice charged $39.05 for notarization of an affidavit. (*Id.* at 9.) But reimbursement for such costs is not permitted absent an explanation as to why notarization was reasonably necessary. *Huerta v. Vill. of Carol Stream,* No. 09 C 1492, 2013 WL 427140, at *4 (N.D. Ill. Feb. 4, 2013) (collecting cases). No explanation has been provided here; the $39.05 is denied. After making these subtractions, we are left with a request of $1,250.22, apparently for the copying of 1,082 pages. (*See,* Records Imaging Service Invoices, Grp. Ex. 4.) This amounts to about $1.16 per page, but courts in this district have found photocopying costs between $0.10 and $0.20 to be reasonable. *Hakim v. Accenture U.S. Pension Plan,* 901 F.Supp.2d 1045, 1057 (N.D. Ill. 2012) (collecting

cases). Tollway makes no effort to clarify why these pages were so expensive. The invoices include various sums for "scanning records to internet," but these line items go unexplained. If the Tollway Defendants incurred a greater cost here due to some reasonably necessary use it had of these documents in a format other than mere paper copy, they have failed to articulate it. The Court thus awards Defendants copying costs for these 1,082 pages at a $0.20/page rate, totaling $216.40.

## B. IDOT Defendants' Bill of Costs

In total, the IDOT Defendants seek costs of $28,730.25. Although these Defendants' Motions could have benefitted from the inclusion of case law authorities, many of the costs they seek are nonetheless recoverable and reasonable. The Court grants in part and denies in part their bill of costs.

### *1. Court Reporting and Transcripts*

The IDOT Defendants seek $11,124.80 under this category of costs. IDOT calculated those costs based on the same prices per page used above by the Tollway Defendants (to wit: $0.90/page for transcript copies; $3.65/page for original transcripts; $0.50/page for exhibits). (*See,* Costs Spreadsheet, Ex. A to IDOT Defs.' Am. Mot., ECF No. 507-1 (summarizing Magna Legal Services Invoices, Grp. Ex. B to same, ECF No. 507-2).) As stated above, these figures accord with the standards set forth by the Judicial

Conference of the United States. Midwest Fence complains that some of the deposition-related costs are duplicative, given that IDOT deposed Everett Bell (one of the owners of Midwest) over nine different days. Perhaps Mr. Bell was a veritable fount of knowledge and Defendants could not exhaust him; perhaps Mr. Bell was simply obdurate. Or, as Plaintiff now implies, perhaps Defendants took many days more with Mr. Bell than were required. Had Midwest provided some selections from those transcripts showing as much, or at a minimum articulated any specific reason for believing these depositions to be duplicative, the Court might have ruled differently. As it stands, however, the Court will not find that Midwest's mere conjecture shouldered the burden of making an affirmative showing that these costs are not appropriate. *Beamon v. Marshall & Ilsley Trust Co.,* 411 F.3d 854, 864 (7th Cir. 2005). The $11,124.80 sought by the IDOT Defendants constitute reasonable costs and will be taxed against the Plaintiff.

### *2. Subpoenas and Service of Process*

The IDOT Defendants seek $11,054.75 for subpoenas and service costs related to necessarily obtaining bid documents from prime contractors. The use of private process servers is an allowable recovery and is taxable as costs under 28 U.S.C. § 1920(1). *Washington v. City of Springfield,* No. 07-3075, 2011 WL 98941, at

*3 (C.D. Ill. Jan. 7, 2011) (citing *Collins v. Gorman,* 96 F.3d 1057, 1060 (7th Cir. 1996)). In order to award costs for the service of subpoenas, the Court need only determine whether the subpoenas were reasonable and necessary in light of the facts known at the time of service. *Id.* To demonstrate that subpoenas were unreasonable or unnecessary, a plaintiff must offer evidence showing that a defendant unreasonably believed that the document was necessary at the time it was sought. *Huerta,* 2013 WL 427140, at *2. Here, Midwest does not specify for which subpoenas it believes formal service was unnecessary, nor does it provide any evidence to that effect. Midwest thus fails to carry its burden to demonstrate that the IDOT Defendants are not entitled to these costs. *See, City of Springfield,* 2011 WL 98941, at *3. The $11,054.75 sum shall be taxed against Midwest.

### 3. *Documents Copied for and Produced to Plaintiff*

The IDOT Defendants seek $4,153.70 for copying 41,537 pages at a rate of $0.10/page. Photocopying charges for discovery are recoverable and ten cents per page is a reasonable rate. *Hakim,* 901 F.Supp.2d at 1057. Midwest has not suggested any reason that these copying costs are unreasonable, so they are allowed.

### 4. *Expert Fee*

Finally, the IDOT Defendants seek the $2,397.00 they paid Plaintiff's expert, Johnathan Guryan, for his depositions. The

Defendants paid Mr. Guryan $510/hour for 4.7 hours. (*See,* Guryan Invoice, Ex. E to IDOT Defs.' Am. Mot., ECF No. 507-5.) "Witness fees are recoverable under § 1920(3), but only to the extent allowable by 28 U.S.C. § 1821." *Rogers v. Baxter Int'l Inc.,* No. 04 C 6476, 2011 WL 941188, at *4 (N.D. Ill. Mar. 16, 2011) (citing *Chi. Coll. of Osteopathic Med. v. George A. Fuller Co.,* 801 F.2d 908, 910 (7th Cir. 1986)) (citation omitted). From the materials provided by the IDOT Defendants, the Court cannot ascertain whether any part of the requested $2,397.00 is compensable under § 1821, which permits such costs as travel and subsistence allowances. *See, Rogers,* 2011 WL 941188, at *4. Accordingly, the Court will not allow these costs to be taxed against the Plaintiff.

## IV. <u>CONCLUSION</u>

In sum, the Court grants in part and denies in part both bills of costs.

For the Tollway Defendants, the Court taxes against Midwest $16,577.26 in costs, comprising: $15,040.70 in court reporting and transcript costs; $1,320.16 in electronic discovery costs; and $216.40 in third-party discovery costs.

For the IDOT Defendants, the Court taxes against Midwest $26,333.25 in costs, comprising: $11,124.80 in court reporting and

transcript costs; $11,054.75 in subpoena and service of process costs; and $4,153.70 in document production costs.

**IT IS SO ORDERED.**

                                              Harry D. Leinenweber, Judge
                                              United States District Court

Dated: 3/29/2018